UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRANDEN J. HERMANSEN,<br><br>                     Petitioner,<br>      v.<br>RENEE BAKER, et al.,<br>                     Respondents. | Case No. 3:17-cv-00135-MMD-VPC<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* as well as his motion (ECF No. 1-2) for appointment of counsel and motion (ECF No. 1-3) for leave to file memorandum submitted with the petition.

Petitioner has paid the filing fee, and the pauper application therefore will be denied as moot.

On petitioner's motion for appointment of counsel, the financial exhibits submitted with the pauper application establish petitioner's financial eligibility for appointment of counsel under 18 U.S.C. § 3006A. The Court finds that appointment of counsel is in the interests of justice given the allegations in the state courts of mental health issues, which potentially may relate to a claim of equitable tolling of the federal limitation period; the potential complexity of the issues presented; and petitioner's sentence in the aggregate of a life sentence with eligibility for a non-institutional parole after serving approximately 20 years.

It therefore is ordered that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is denied as moot.

It further is ordered that, the filing fee having been paid, the Clerk of Court will file the petition and accompanying papers.

It further is ordered that petitioner's motion for appointment of counsel (ECF No. 1-2) submitted with the petition is granted and the Clerk will reflect the grant of the motion when docketing the motion. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It further is ordered that petitioner's motion for leave to file memorandum (ECF No. 1-3) submitted with the petition is granted and the Clerk will reflect the grant of the motion when docketing the motion.[1]

It further is ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal

---

[1] The grant of the motion does not signify that the papers presented are free of deficiencies. Habeas petitioners must assert all of their allegations in support of a petition within the petition itself, without attachment of and/or incorporation of other papers. Further, the initial pleading is not the proper place for extensive legal argument, including argument on potential defenses. If this matter had proceeded forward as a *pro se* matter, the Court would have required petitioner to file an amended petition asserting his factual allegations within the pleading itself, without incorporation of other filings, and without extended legal argument over and above the specific factual allegations stating his claims. The Court has granted petitioner's motion for leave so that the materials are potentially available for relation back, but the pleading otherwise is not presented in proper form.

limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It further is ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk will add state attorney general Adam P. Laxalt as counsel for respondents and will make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel must enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

The Clerk, prior to mailing notices, shall include petitioner's "back" number—71709—in his institutional address on the docket sheet.

The Clerk further will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

The Clerk additionally will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

DATED THIS 25th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE