UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDEN J. HERMANSEN,<br><br>Petitioner,<br>v.<br>RENEE BAKER, *et al.*,<br>Respondents. | Case No. 3:17-cv-00135-MMD-CBC<br><br>ORDER |

Before the Court is Petitioner Brandon J. Hermansen's motion for leave to file exhibits under seal (ECF No. 40) in support of his response to Respondents' motion to dismiss (ECF No. 38). Respondents have opposed sealing in part (ECF No. 46), and Hermansen has replied (ECF No. 47). For the reasons discussed below, Hermansen's motion is granted in part and denied in part.

Hermansen seeks leave to file under seal seven exhibits constituting his institutional records from the Nevada Department of Corrections ("NDOC"): Exhibit 21: Historical Bed Assignments Report (ECF No. 42); Exhibit 22: Case Note Printout Report (ECF No. 42-1); Exhibit 23: Law Library CD-ROM Case Law Print Report (ECF No. 42-2); Exhibit 24: Incoming/Outgoing Mail Log for Hermansen (ECF No. 42-3); Exhibit 25: Legal Copy Work Requests (ECF No. 42-4); Exhibit 26: Law Library Supply and Book Request Form (ECF No. 42-5); and Exhibit 27: NDOC I-File (ECF No. 42-6). Hermansen asserts that these records contain sensitive information not typically made available to the public, including Hermansen's communications with the prison law library, disciplinary history, educational history, and other personal, private historical facts.

Respondents counter that Hermansen has failed to demonstrate a compelling need to file under seal five of the seven documents: Exhibits 21, 23, 24, 25, 26. Respondents contend that the records present no safety or security concerns; thus, a

need for protection is lacking. In particular, Respondents argue that Exhibit 21 "consists of dated material that presents no safety or security concerns." (ECF No. 46 at 2.) However, with regard to Exhibits 22 and 27, Respondents acknowledge that the documents raise safety and security concerns.

Given Respondents' position, Hermansen concedes his request to seal Exhibits 23, 24, 25, and 26. However, Hermansen reiterates his request to seal Exhibit 21, the Historical Bed Assignments Report (ECF No. 42), because the document indicates Hermansen's *current* bed assignment of the date of the report, January 2, 2019. Hermansen notes that, due to the facts of his underlying case, he may be at risk of violence from prison gang members. Thus, making Hermansen's current bed assignment public may present an unnecessary risk to his safety.

Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Hermansen's safety and security outweighs the public interest in open access to court records. Hermansen has met his burden of establishing compelling reasons for Exhibits 21, 22, and 27 to remain sealed. However, Exhibits 23, 24, 25, and 26 lack a need for protection.

Accordingly, it is therefore ordered that Hermansen's motion for leave to file exhibits under seal (ECF No. 40) is granted in part and denied in part as follows:

1. Exhibits 21, 22, and 27 (ECF Nos. 42, 42-1, 42-6) are considered properly filed under seal.
2. The Clerk of Court is instructed to UNSEAL Exhibits 23, 24, 25, and 26 (ECF Nos. 42-2, 42-3, 42-4, 42-5).

DATED THIS 20th day of June 2019.

---

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE